# JOHN DRUMMOND *vs.* JOSIAH P. CHURCHILL.

In a suit upon a bond where the acts to be done by the parties respectively, by the condition of the bond, were to be concurrent, the plaintiff cannot maintain an action without proving a tender on his part, unless it is expressly waived by the defendant, or excused by his disability.

If the obligee, on the last day of performance, say to the obligor that the money was ready for him whenever he would give a deed, but produces no money, and the other party reply, that he would procure him a deed, but immediately goes away; this is no waiver of performance or of the tender thereof.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Debt upon a bond the condition of which was, that "if the said *Churchill* shall make out and deliver to the said *Drummond*, or cause to be delivered, a good warranty deed of (a lot of land described,) and the said *Drummond* shall pay or cause to be paid to the said *Churchill* the sum of fifty dollars in six months, then this obligation," &c.

It was proved, that on the last day on which the conditions of the bond could be performed, *Sawyer*, the assignee of the bond, met *Churchill* in *Sawyer's* store, and notified *Churchill*, that the money was ready for him whenever he would give a deed, and *Churchill* replied that he would procure him a deed, and spoke to a person standing by to write one, and went immediately away. At the time when this conversation took place the plaintiff had in another room in the house in a trunk locked, silver, which was lawfully a tender, belonging to him as administrator of an estate, to an amount exceeding the sum to be paid for the land. No deed was tendered by the defendant to the plaintiff, nor was one offered by the plaintiff to the defendant for his signature. A nonsuit was ordered by the Judge, on the ground, that the plaintiff had not introduced sufficient evidence to entitle him to a verdict; and the plaintiff filed exceptions.

*Tenney* argued for the plaintiff, and to the point that the plaintiff had done what was necessary to entitle him to recover, cited 3 *Stark. Ev.* 1393; *Com. on Con.* 41; 10 *Johns. R.* 233; *Aiken* v. *Sanford*, 5 *Mass. R.* 494; 2 *Johns. R.* 145; *Gardiner* v. *Corson*, 15 *Mass. R.* 500; *Tileston* v. *Newell*, 13 *Mass. R.* 406; *Hunt* v. *Livermore*, 5 *Pick.* 395; *Howland* v. *Leach*, 11 *Pick.* 151; *Kane* v. *Hood*, 13 *Pick.* 281; 2 *Johns. R.* 207; 10 *Johns. R.* 268. And to the point that there was a waiver of the tender, cited *Borden* v. *Borden*, 5 *Mass. R.* 67; *Frazier* v. *Cushman*, 12 *Mass. R.* 277.

*Bronson*, for the defendant, contended, that there should have been an actual offer of the money. *Brown* v. *Gilmore*, 8 *Greenl.* 107. And that there was no waiver in this case; and that performance, or tender of performance, by the plaintiff on his part was necessary. *Brown* v. *Gammon*, 2 *Shepl.* 276.

The opinion of the Court was by

WESTON C. J. — The acts to be done by the parties respectively were, by the condition of the bond, to be concurrent. In such case, the plaintiff cannot maintain an action, without proving a tender on his part, unless it is expressly waived by the defendant, or excused by his disability. *Brown* v. *Gammon*, 14 *Maine R.*

276. No tender was proved, and no facts appear in the case, which would dispense with its necessity.

*Exceptions overruled.*